**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 12, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MARIO WILLIAMS,

      Plaintiff-Appellant,

v.

MARTY SIRMONS; LAYNE
DAVISON; RON WARD; ERIC
FRANKLIN; TRACY MCCOLLUM,

      Defendants-Appellees.

No. 08-7027
(D.C. No. 6:06-CV-00201-FHS-SPS)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

Mario Williams, an Oklahoma state prisoner proceeding pro se, appeals

from two district court orders: one dismissing in part his civil rights action under

42 U.S.C. § 1983 for failure to exhaust administrative remedies, and another

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

granting summary judgment in favor of defendants on the exhausted claims.
Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

In his complaint, Mr. Williams asserted several claims concerning his
confinement in segregation. Specifically, he alleged that his conditions of
confinement were unconstitutional; his confinement violated his liberty and due
process interests; his confinement was a result of retaliation for his filing of
administrative grievances; he was improperly placed in the same unit with prison
staff he had filed a complaint against; he was classified as maximum security; he
falsely received a misconduct; he did not receive answers to his requests to staff;
and he was denied his legal work, access to the courts, property, and privileges.
Defendants moved to dismiss this lawsuit pursuant to 42 U.S.C. § 1997e for
failure to exhaust administrative remedies. The district court granted the motion
in part, finding that Mr. Williams had administratively exhausted only his claims
regarding his October 2005 and February 2006 placements in segregated
confinement at the Oklahoma State Reformatory. Thereafter, defendants moved
for summary judgment on the two exhausted claims. The district court granted
the motion, deciding that Mr. Williams could not establish an Eighth Amendment
violation, a due process violation, or retaliation.

Like the district court, we liberally construe Mr. Williams's pro se filings.
*See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991). We review de
novo the district court's dismissal of Mr. Williams's unexhausted claims. *See*

-2-

*Patel v. Fleming*, 415 F.3d 1105, 1108 (10th Cir. 2005). After examining the record on appeal, we affirm the dismissal for substantially the same reasons set forth by the district court in its September 17, 2007 order.

We also review de novo the district court's order granting summary judgment on the two exhausted claims. *See Howard v. Waide*, 534 F.3d 1227, 1235 (10th Cir. 2008). Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Applying this standard and after examining the record on appeal and relevant case law, we affirm the grant of summary judgment for substantially the same reasons set forth by the district court in its February 26, 2008 order.

Mr. Williams contends that the district court's factual recitation in the summary-judgment order was copied nearly word for word from the defendants' motion for summary judgment. In addition, he contends that the district court's order echos the defendants' arguments, instead of addressing his arguments and considering whether he presented a genuine issue of material fact.

The district court's factual recitation in both orders adopts verbatim the factual statements in defendants' motions to dismiss and for summary judgment. Likewise, the court's analysis and conclusions of law with respect to the Eighth Amendment claim adopts verbatim defendants' summary-judgment argument.

With minor changes, the court also adopted nearly verbatim the defendants' analysis of the due process and retaliation claims.

The district court's adoption of the defendants' factual recitations and arguments does not warrant reversal in this case, however. "We [have] recognize[d] that findings of fact and conclusions of law supplied by a party and adopted verbatim by a district court will not automatically render a decision reversible and are held to the normal appellate standards." *New Eng. Health Care Employees Pension Fund v. Woodruff*, 512 F.3d 1283, 1290 (10th Cir. 2008). As indicated above, we are able to apply the normal appellate standards and therefore have engaged in meaningful review of the issues presented on appeal.

Accordingly, we AFFIRM the district court's judgment. Mr. Williams's request for appointment of counsel is DENIED.

Entered for the Court

Jerome A. Holmes
Circuit Judge